**Winston Seymour McFARLANE,**
**Petitioner**

v.

**ATTORNEY GENERAL OF**
**the UNITED STATES.**

No. 11–3487.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) April 19, 2012.

Opinion filed: April 20, 2012.

Winston Seymour McFarlane, Lords
Valley, PA, pro se.

Eric H. Holder, Jr., Esq., Thomas W.
Hussey, Esq., Justin R. Markel, Esq., Eni-
tan Otunla, Esq., United States Depart-
ment of Justice, Washington, DC, for Re-
spondent.

Before: SCIRICA, GREENAWAY, JR.,
and VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

Winston McFarlane petitions for review
of a decision by the Board of Immigration
Appeals. For the reasons below, we will
deny the petition for review.

McFarlane entered the United States in
June 2008 as a visitor. After marrying a
citizen, he became a lawful permanent
resident in June 2009. In June 2010,
McFarlane pleaded guilty to conspiracy to
distribute 100 kilograms or more of mari-
juana. He was charged as removable for
having committed an aggravated felony, a
crime involving moral turpitude, and a
controlled substance offense. McFarlane
conceded removability as to all three
charges and applied for deferral of remov-
al under the Convention Against Torture
(CAT). A.R. at 118–19. He argued that
the families of his co-defendants would
seek retribution against him if he were
removed to Jamaica because he had coop-
erated with the prosecution. After a
hearing, an Immigration Judge (IJ) de-
nied relief. He concluded that McFarlane
had not shown that the Jamaican govern-
ment would acquiesce in any torture.
McFarlane filed a counseled appeal with
the Board of Immigration Appeals (BIA).
The BIA dismissed the appeal. It con-
cluded that McFarlane had not shown
that it was more likely than not that he
would be tortured in Jamaica. McFarlane
filed a *pro se* petition for review.

To be eligible for deferral of removal
under the CAT, McFarlane must demon-
strate that it is more likely than not that
he would be tortured if removed to Jamai-
ca. 8 C.F.R. § 1208.16(c)(2). For an act
to constitute torture, it must be: "(1) an
act causing severe physical or mental pain
or suffering; (2) intentionally inflicted; (3)
for an illicit or proscribed purpose; (4) by
or at the instigation of or with the consent
or acquiescence of a public official who has
custody or physical control of the victim;
and (5) not arising from lawful sanctions."
*Auguste v. Ridge,* 395 F.3d 123, 151 (3d
Cir.2005) (citing *Matter of J–E–,* 23 I. &
N. Dec. 291, 297 (BIA 2002)).

In his brief, McFarlane argues that the
government of Jamaica will be unable to
protect him if he is removed. He asserts
that no evidence was offered that Jamaica
could protect him and that he provided
enough evidence that it could not. Howev-
er, because McFarlane is an aggravated

felon, we lack jurisdiction to review the denial of his claims for relief except for legal and constitutional claims. *See* 8 U.S.C. § 1252(a)(2)(C) & (D). Moreover, the only issue McFarlane exhausted before the BIA in his counseled appeal was whether the IJ used the correct standard for determining governmental acquiescence to torture. We agree with the BIA that the IJ applied the correct standard. *See Silva–Rengifo v. Att'y Gen.*, 473 F.3d 58, 69 (3d Cir.2007).

McFarlane requests that we apply our recent decision in *Garcia v. Attorney General*, 665 F.3d 496 (3d Cir.2011), to his petition. In *Garcia*, we concluded that the BIA's factual findings supporting the deni-al of the petitioner's applications for asylum and withholding of removal were not supported by substantial evidence. Here, as noted above, we lack jurisdiction to review the BIA's factual findings regarding McFarlane's CAT claim. Thus, our decision in *Garcia* does not help McFarlane.

For the above reasons, we will deny the petition for review.